UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-184HRW

JOHN P. CLINE,                                                                          PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                         DEFENDANT.

   Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

   **II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

   Plaintiff filed his current application for a disability insurance benefits and supplemental security income benefits on August 19, 2003 (Tr. 56-58, 111-114), alleging disability beginning on May 30, 2003, due to chronic obstructive

1

pulmonary disease ("COPD"), emphysema, asthma and bronchitis (Tr. 65). This application was denied initially and on reconsideration. On February 17, 2005, an administrative hearing was conducted by Administrative Law Judge James D.. Kemper ("ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 324-342). At the hearing, Lean Salyers, a vocational expert (hereinafter "VE"), also testified (Tr. 342-346).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
> 
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
> 
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
> 
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
> 
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional

capacity and vocational factors, he is not disabled.

On April 26, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-23).

Plaintiff was 47 years old at the time of the hearing decision (Tr. 14). He has an eighth grade education (Tr. 325). His past relevant work experience consists of work as a school bus driver (Tr. 66).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 21).

The ALJ then determined, at Step 2, that Plaintiff suffered from COPD, borderline intellectual functioning and adjustment disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 21).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 21).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 22) but determined that he has the residual functional capacity ("RFC") to perform a significant range of medium work (Tr. 22).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22). Accordingly,

the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 10, 2005 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 7 and 8] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that the ALJ inappropriately evaluated his breathing problems and mental limitations.

With regard to Plaintiff's breathing problems, the pulmonary function studies of record suggest no more than moderate restriction as of January 2004 (Tr. 287-288). Further, the record establishes that Plaintiff's asthma is responsive to medication and when Plaintiff is compliant with medication therapy, his condition is stable (Tr. 238-239). Conditions controlled with medication do not support a finding of disability. *See e.g., Houston v. Secretary of Health and Human Services*, 736 F.3d 365, 367 (6th Cir. 1984).

Given that the record supports a finding of only moderate restriction and successful treatment with medication, the Court finds no error in the ALJ's assessment of Plaintiff's breathing problems and his decision not to impose severe environmental restrictions.

5

Notably, Plaintiff has continued to smoke, despite being admonished, repeatedly (Tr. 160, 220, 289-290, 336). The United States Court of Appeals for the Sixth Circuit has affirmed the denial of benefits where an ALJ had noted that he was not inclined to impose a severe environmental restriction in light of a pulmonary condition when the claimant was a heavy smoker. *Mullins v. Secretary of Health and Human Services*, 836 F.2d 980 (6th Cir. 1987).

Similarly, in *Sias v. Secretary of Health and Human Services*, 861 F.2d 475 (6th Cir. 1988), the court addressed the claimant's continued abuse of tobacco despite his medical condition. Recognizing that the claimant had the right to make his own lifestyle choices, the court nonetheless questioned whether taxpayers should pay for the health consequences. *Id.* At 480.

As for Plaintiff's mental limitations, the ALJ considered the opinions of a consultative examiner as well as that of a state agency expert. The ALJ assigned more weight to the latter finding it to be supported by and consistent with Plaintiff's work history and mental status findings (Tr. 19). ALJ are permitted to rely upon the opinions of the state agency medical consultants. *See* 20 C.F.R. §§ 404.1527 (f)(2)(i), 416.927 (f)(2)(i). The more consistent an opinion is with the record, the more weight that opinion is given. *See*, 20 C.F.R. § 404.927 (d)(4). Moreover, the opinion of a one-time examining consultant is not entitled to

deference and may be rejected. *See Crisp v. Secretary of Health and Human Services*, 790 F.2d 450, 452 (6th Cir. 1986). In this case, Barry B. Adkins, a psychologist, evaluated Plaintiff on a single occasion in December of 2003. In his report, Mr. Adkins indicated, several times, that he may be underestimating Plaintiff's cognitive abilities (Tr. 261-262). The Court finds that the ALJ did not err in discounting the opinions of Mr. Adkins.

The Court having reviewed the record, finds that the ALJ's assessment of Plaintiff's breathing problems and mental limitations is supported by substantial evidence. Finally, the Court finds that there is no evidence that the Plaintiff has limitations beyond those included by the ALJ in his hypothetical to the VE

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This   November 6, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge